# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FLOYD JAMES HACKWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:11-cv-00172-JMS-WGH |
| ) | |
| CMS, et al., ) | |
| ) | |
| Defendants. ) | |

## Entry Discussing Motion for Summary Judgment

Plaintiff Floyd Hackworth brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants subjected him to cruel and unusual punishment by exhibiting deliberate indifference to his serious medical needs by failing to properly treat him for Crohn's disease at the Putnamville Correctional Facility ("Putnamville"), an Indiana prison. Defendants Corizon, Inc., formerly known as Correctional Medical Services, Inc., and Carey Harris are among the defendants and seek resolution of the claims against them through the entry of summary judgment.

## Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

Hackworth has not responded to the motion for partial summary judgment. The consequence is this: "[F]ailure to respond by the nonmovant as mandated by the

local rules results in an admission." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). The court therefore resolves the motion for summary judgment on the basis of the evidence submitted by the defendants. *See Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104 (7th Cir. 2004).

## Discussion

Carey Harris argues that he cannot be held liable for Hackworth's claims because he had no personal involvement in Hackworth's medical care. A>[T]o recover damages under ' 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.=@ *Johnson v. Snyder,* 444 F.3d 579, 583 (7th Cir. 2006) (quoting *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995)). Harris is the Health Services Administrator for Corizon, Inc., at Putnamville. Harris is not a medical provider. His job is to order medical supplies for the facility, hire medical staff, maintain the nursing staff schedule, respond to offender grievances regarding medical issues, and deal with human resources issues for the medical staff. Harris never treated or provided any medical care to Hackworth. He did not make decisions regarding Hackworth's care. The decisions regarding Hackworth's diagnosis and course of treatment were made by the medical providers--doctors and nurses--not Harris. Because Harris did not treat Hackworth or make any decisions involving his treatment, he is entitled to summary judgment on Hackworth's claims.

Corizon also argues that it cannot be held responsible for Hackworth's claims. A "private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Jackson v. Illinois Medi-Car, Inc.,* 300 F.3d 760, 766 (7th Cir. 2002). In addition, Hackworth has shown no custom or policy on Corizon's part that might subject it to liability. *See id.* Accordingly, Corizon is entitled to summary judgment on Hackworth's claims.

## Conclusion

The motion for summary judgment filed by Harris and Corizon [21] is **granted**. Because Nurse Cindy remains a defendant, this ruling does not resolve all claims against all parties and no partial final judgment shall issue at this time.

**IT IS SO ORDERED.**

Date: 08/15/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Floyd James Hackworth
7746 S. Edinburg Rd.
Edinburg, IN 46124

All electronically registered counsel